UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>FRANCISCO JAVIER SOLORIO<br><br>                              Defendant. | Case No.:  3:17-cr-313-GPC-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>**[ECF Nos. 56, 61]** |

   On July 10, 2017, Francisco Javier Solorio pled guilty to Importation of Methamphetamine in violation of 21 U.S.C. §§ 952 and 960. ECF No. 32. The Court sentenced Mr. Solorio to 46 months of imprisonment followed by five years of supervised release. ECF No. 36, at 2-3.

   After serving time in prison, Mr. Solorio's term of supervised release began on March 24, 2022. ECF No. 37. However, on August 28, 2023, the Court revoked Mr. Solorio's supervised release and sentenced him to eight additional months in custody and 36 months of supervised release. ECF No. 55. Mr. Solorio's new term of supervised release commenced on October 18, 2024. ECF No. 67, at 1.

   While still in custody on the eight-month sentence following the revocation of his supervised release, Mr. Solorio filed a pro se motion seeking a reduction of his sentence

1

under 18 U.S.C. § 3582(c)(2). ECF Nos. 56, 61.[1] In his motion, Mr. Solorio references two specific 2023 amendments to the United States Sentencing Guidelines. *Id.* The first relates to "zero-point offenders," and the second refers to "status points." ECF Nos. 56, 61. The government filed a response in opposition to Mr. Solorio's motion on August 7, 2024. ECF No. 65.

## I.     Legal Authority

A court may reduce an imposed term of imprisonment if a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Mr. Solorio moves to reduce his sentence under § 3582(c)(2) based on a set of amendments to the United States Sentencing Guidelines (U.S.S.G.) that became effective on November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821; *United States v. Cuevas*, No. 22-CR-00016-BAS, 2024 WL 1244266, at *1 (S.D. Cal. Mar. 22, 2024). These retroactive amendments included a provision relating to "Certain Zero-Point Offenders," U.S.S.G. § 4C1.1, which provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history, *id.* § 4C1.1(a)(1).

The amendments also changed the number of criminal history points added for defendants on post-release status. The previous sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

---

[1] Mr. Solorio filed a first motion to reduce sentence on June 24, 2024, and a second motion on July 15, 2024. The motions are identical, and the Court will analyze them as one motion.

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023). *See also* Cuevas, 2024 WL 1244266, at *1.

## I. Discussion

### A. Mr. Solorio is not entitled to relief under the zero-point offender amendment.

Though Mr. Solorio moves to reduce his sentence based on the "zero-point offenders" amendment, Mr. Solorio was not a zero-point offender at the time of his sentencing. ECF No. 28, at 7. Therefore, he does not qualify for relief under the revised guidelines for zero-point offenders. *See*, *e.g.*, *Cuevas*, 2024 WL 1244266, at *1.

### B. Mr. Solorio is not entitled to relief under the status point amendment.

While the change in the calculation of criminal history points, U.S.S.G. § 4A1.1(e), would apply to Mr. Solorio, the amendment does not entitle him to relief.

#### 1. Mr. Solorio's sentence was already below the minimum of the new guideline range that would apply to his sentence.

At the time that Mr. Solorio committed the relevant offense, he had three criminal history points. ECF No. 28, at 7. Two points were added to Mr. Solorio's criminal history score because he committed the relevant offense while on post-release status, resulting in a total of five criminal history points. *Id*. Mr. Solorio's criminal history score placed him in criminal history category III. *Id.*

Under the terms of the parties' plea agreement, Mr. Solorio's total offense level was 27. ECF No. 29, at 3. Considering Mr. Solorio's criminal history category and offense level, the sentencing guidelines range for Mr. Solorio's offense was 87 to 108 months. *See* ECF No. 29, at 3; ECF No. 31, at 2; ECF No. 28, at 15.

Under the new amendments to the Sentencing Guidelines, Mr. Solorio—who only had three criminal history points when he committed the relevant offense—would no

longer be subject to the two-point increase for committing his offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023); *see also United States v. Ward*, No. 217CR00221JADEJY2, 2024 WL 1053765, at *1-*2 (D. Nev. Mar. 11, 2024). Thus, Mr. Solorio's total criminal history score of three would have placed him in criminal history category II. *See* U.S.S.G. Ch. 5, Pt. A. Per the Sentencing Guideline's sentencing table, an offender in criminal history category II with an offense level of 27 has a recommended sentence range of 78 to 97 months. *Id.*

Mr. Solorio was sentenced to 46 months of imprisonment. ECF No. 36. This sentence falls well below the minimum of both the guideline range which applied to Mr. Solorio at the time he was sentenced—87 to 108 months—and the guideline range which would apply to Mr. Solorio with a two-point criminal history score reduction—78 to 97 months. This remains true when considering the additional eight months Mr. Solorio served for violating his terms of supervised release.

Per the Sentencing Guidelines, even if a defendant would have qualified for a point reduction under a guideline amendment, a court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). Mr. Solorio's sentence—which totaled 54 months when including his supervised release revocation sentence—was below the advisory sentence range even after applying the two-point criminal history score reduction authorized by § 4A1.1(e). Therefore, the Court may not reduce Mr. Solorio's sentence.

### 2. Section 3582(c) is not available to reduce a sentence imposed upon the revocation of supervised release.

Insofar as Mr. Solorio's motion to reduce sentence was aimed at the eight-month supervised release revocation sentence he was in the midst of serving at the time he filed his motion, such a sentence is not eligible for a reduction under 18 U.S.C. § 3582(c)(2).

Sentence reductions pursuant to U.S.C. § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In a policy statement applicable to U.S.C. § 3582(c)(2), the Sentencing

Commission provided that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 app. note 8(A). *See also United States v. Morales*, 590 F.3d 1049, 1051-52 (9th Cir. 2010). Thus, if Mr. Solorio was seeking a reduction in the eight-month sentence the Court imposed when it revoked Mr. Solorio's supervised release, such relief was unavailable.

### 3. Section 3582(c) does not provide for a reduction in the supervised release portion of Mr. Solorio's sentence.

As Mr. Solorio is no longer in custody, any reduction in his sentence would now apply only to the supervised release portion of his sentence. However, § 3582(c)(2) allows a sentencing court to reduce only a defendant's "term of imprisonment." The Ninth Circuit has interpreted the plain language of the statute to include only imprisonment, not the supervised release portion of a sentence. *See United States v. Island*, 336 F. App'x 759, 760-61 (9th Cir. 2009). Thus, Mr. Solorio cannot successfully move to reduce his term of supervised release under § 3582(c)(2).

For the reasons set forth above, the Court **DENIES** Mr. Solorio's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED**.

Dated: October 2, 2025

Hon. Gonzalo P. Curiel
United States District Judge